Jeffrey L. Snow (JS 5396)
Peter D. Murray
Robert T. Maldonado
Eric M. Eisenberg
Tonia A. Sayour (TS 7208)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Plaintiff Telebrands Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TELEBRANDS CORP.,** | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| | **ECF CASE** |
| **RAGNER TECHNOLOGY CORPORATION and TRISTAR PRODUCTS, INC.,** | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff, Telebrands Corp. ("Telebrands"), by it counsel, for its Complaint against Defendants, Ragner Technology Corporation ("Ragner Technology") and Tristar Products, Inc. ("Tristar") (collectively, "Defendants"), states as follows:

## INTRODUCTION

1. This is an action for a declaratory judgment regarding U.S. Patent No. 9,022,076 ("the '076 patent"), which is owned and/or licensed by Defendants, and which Defendants purport covers the FLEX-ABLE HOSE product sold by Defendants. Telebrands is seeking a declaratory judgment that its POCKET HOSE products do not infringe any valid claim of the '076 patent, that the claims of the '076 patent are invalid for failing to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and that the '076 patent is unenforceable due to inequitable conduct.

## NATURE OF THE ACTION

2. Telebrands seeks a declaratory judgment that the '076 patent is invalid.

3. Telebrands seeks a declaratory judgment that the '076 patent is unenforceable.

4. Telebrands seeks a declaratory judgment that it has not infringed and is not infringing any valid claim of the '076 patent in connection with the manufacture, use, sale, offer for sale and/or importation into the United States of its POCKET HOSE products.

## THE PARTIES

5. Telebrands is a New Jersey corporation with its headquarters located at 79 Two Bridges Road, Fairfield, New Jersey 07004, in this Judicial District.

6. On information and belief, Ragner Technology is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 13460 NW 7th Road, Newberry, Florida 32669.

7. On information and belief, Ragner Technology has licensed the '076 patent, directly or indirectly, at least to Tristar.

8. On information and belief, Tristar is a corporation organized and existing under the laws of the State of Pennsylvania and having a principal place of business at 492 Route 46 East, Fairfield, New Jersey 07004.

9. On information and belief, Tristar regularly conducts business in New Jersey.

10. On information and belief, Defendants regularly conduct business throughout the United States, including in the State of New Jersey.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction because this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

12. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are present in the State of New Jersey, Defendants have sufficient contacts with this Judicial District and/or Defendants regularly conduct business within this Judicial District.

13. On information and belief, Defendants directly and/or through their agents distribute, offer for sale or license, sell or license and/or advertise their products and services, including the FLEX-ABLE HOSE product, within the State of New Jersey and this Judicial District, and have purposefully availed themselves of the privileges and benefits of the laws of the State of New Jersey.

14. On information and belief, Tristar's principal place of business is within this District.

15. Defendants have submitted to the jurisdiction of this Court by filing actions for infringement of patents related to the '076 patent in this Judicial District, including *Tristar*

*Products., Inc. v. National Express, Inc.*, 2:12-cv-06650-DMC-JAD and *Tristar Products, Inc. et al. v. National Express, Inc. et al.*, 2:13-cv-07752-ES-MAH.

16.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

**Telebrands Corp.**

17.     Telebrands is a direct response marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores. Telebrands is a recognized leader in the direct response television marketing industry.

18.     For over twenty-five years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known throughout the retail industry for the manner in which it effectively drives retail sales through its nationwide advertising programs. For many years, Telebrands has cultivated relationships with a wide variety of wholesalers, marketers, distributors, sellers, and retailers including, for example, large retail chain stores, catalogues, and Internet sales websites.

19.     One product that Telebrands is currently marketing and selling is an expandable hose marketed under the trademarks POCKET HOSE, POCKET HOSE ULTRA and POCKET HOSE TOP BRASS ("POCKET HOSE products"). Telebrands' POCKET HOSE products are sold nationwide through direct response advertising, national retail outlets, mail-order and catalogue sales.

**The '076 patent**

20.     United States Patent No. 9,022,076, entitled "Linearly Retractable Pressure Hose Structure," issued May 5, 2015.

21. The '076 patent issued from U.S. Serial No. 14/262,108, which was filed on April 25, 2014. The '076 patent is a continuation of U.S. Serial No. 11/343,602, which was filed on January 30, 2006, and issued as U.S. Patent No. 8,776,836 ("the '836 patent"). The '836 patent is a continuation-in-part of U.S. Serial No. 11/234,994, which was filed on September 26, 2005, and issued as U.S. Patent No. 7,549,448 ("the '448 patent"). The '448 patent is a divisional of U.S. Serial No. 10/303,941, which was filed on November 25, 2002, and issued as U.S. Patent No. 6,948,527 ("the '527 patent").

22. Gary Dean Ragner and Robert Daniel deRochemont, Jr. are the named inventors of the '076 patent.

23. On information and belief, Ragner Technology is the assignee from the named inventors of all right and interest in the '076 patent.

24. On information and belief, Ragner Technology granted Tristar a license under the '076 patent.

**Telebrands' and Defendants' Competing Products**

25. On information and belief, Defendants, acting in concert, have made, imported, marketed and/or sold a product under the name FLEX-ABLE HOSE, which is an expandable hose product.

26. On information and belief, Tristar markets and sells the FLEX-ABLE HOSE product with the permission of, and/or on behalf of, Ragner Technologies.

27. Telebrands' POCKET HOSE products compete directly with Defendants' FLEX-ABLE HOSE product.

28. On information and belief, Tristar has on multiple occasions insisted that Telebrands obtain a license from Tristar and/or Ragner Technologies to Ragner Technologies' patents and patent applications related to the '076 patent.

29.     On information and belief, Ragner Technologies filed U.S. Serial No. 14/262,108 with application claims 9 and 17, which were exact copies of claims 1 and 18 of U.S. Patent No. 8,291,941 ("the '941 patent").

30.     The '941 patent issued on October 23, 2012.

31.     On information and belief, the '941 patent is assigned to Blue Gentian, LLC and licensed to National Express, Inc.

32.     The '941 patent is currently being asserted by Blue Gentian, LLC and National Express, Inc. against both Telebrands with respect to its POCKET HOSE products and Tristar with respect to its FLEX-ABLE hose product.

33.     On information and belief Tristar and Ragner Technology have asserted the '527 patent, the '448 patent and the '836 patent against Blue Gentian, LLC, National Express, Inc., E. Mishan and Sons Inc. and Dap Brands Co. in relation to their XHOSE expandable hose product.

34.     There is a substantial controversy between Telebrands and Defendants.

35.     The controversy is sufficiently immediate and real because the '076 patent has issued and Defendants have repeatedly insisted that Telebrands take a license for patents in the same patent family as the '076 patent.

36.     Telebrands and Defendants have adverse legal interests.

37.     As a result, there is a justiciable controversy warranting declaratory relief.

**Communications with the Patent Office**

38.     The law firm of record for the prosecution of the patent application that issued as the '076 patent is Frost Brown Todd LLC ("Frost Brown").  References to Frost Brown herein include all members of the firm, including those members involved in the prosecution of the '076 patent, further including but not limited to William S. Morriss and Julie A. McConihay.

39.	On information and belief, Ragner Technology appointed all practitioners associated with the Patent Office customer number 26874, including, *inter alia*, William S. Morriss and Julie A. McConihay, as attorneys and agents to prosecute the patent application that issued as the '076 patent.

40.	Frost Brown, Ragner Technology, Gary Dean Ragner and Robert Daniel deRochemont, Jr. all owed a duty of candor and good faith to the Patent Office with respect to the prosecution of the '076 patent.

41.	For the application that issued as the '076 patent, on April 25, 2014, Gary Dean Ragner and Robert Daniel deRochemont, Jr. signed and submitted to the Patent Office a Declaration for Utility or Design Patent Application (37 CFR 1.63) ("Declaration").

42.	The Declaration, of which Ragner and deRochemont were the signatories, was for the invention titled LINEARLY RETRACTABLE PRESSURE HOSE STRUCTURE and stated, "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.  I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both."

43.	On April 25, 2014, Frost Brown filed the application that issued as the '076 patent, which included claims, in particular claims 9 and 17, which were identical to claims 1 and 18 of issued U.S. Patent No. 8,291,941.

44.	U.S. Patent No. 8,291,941 issued on October 23, 2012, more than 1 year prior to the filing of U.S. Serial 14/262,108.

45.	35 U.S.C. § 135(b)(1), as applicable to the '076 patent because the claims therein claim an effective filing date prior to March 16, 2013, provides, "A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be

made in any application unless such a claim is made prior to one year from the date on which the patent was granted."

46. Defendant Tristar filed a declaratory judgment action seeking claims for invalidity, noninfringement and unenforceability of U.S. Patent No. 8,291,941 on the day the patent issued (October 23, 2012) in *Tristar Products, Inc. v. National Express, Inc., et al.*, 2:12-cv-06675-DMC-JAD (D.N.J. 2012).

47. On that same day, October 23, 2012, U.S. Patent No. 8,291,941 was asserted against Defendant Tristar Products, Inc. in *Blue Gentian, LLC, et al. v. Tristar Products, Inc., et al.*, 9:12-cv-81170-PAS (S.D. Fla. 2012).

48. On information and belief, in connection with the application that issued as the '076 patent, none of Gary Dean Ragner, Robert Daniel deRochemont, Jr. or Frost Brown disclosed to the Patent Office that independent claims 9 and 17 had been copied word-for-word from independent claims 1 and 18 of U.S. Patent No. 8,291,941.

49. On information and belief, in connection with the application that issued as the '076 patent, none of Gary Dean Ragner, Robert Daniel deRochemont, Jr. or Frost Brown disclosed to the Patent Office that dependent claims 10, 11, 13, 14, 15, 16 and 18 had been copied word-for-word from dependent claims 2, 3, 10, 11, 13, 15 and 22 of U.S. Patent No. 8,291,941.

50. 37 C.F.R. §10.23(c)(7) defines as an example of misconduct, "[k]nowingly withholding from the Office information identifying a patent or patent application of another from which one or more claims have been copied."

51. Section 2001.06(D) of the Manual of Patent Examining Procedure, titled "Information Relating to Claims Copied from a Patent," states, "[w]here claims are copied or substantially copied from a patent, 37 C.F.R. 1.607(c) requires applicant shall, at the time he or

8

she presents the claim(s), identify the patent and the numbers of the patent claims. Clearly, the information required by 37 C.F.R. 1.607(c) as to the source of the copies claims is material information under 37 C.F.R. 1.56 and failure to inform the USPTO of such information may violate the duty of disclosure."

52. On information and belief, the failure of Gary Dean Ragner, Robert Daniel deRochemont, Jr. and Frost Brown to disclose material information, including that claims of the '076 patent were copied from another U.S. patent, and making material false representations and omissions to the Patent Office, was done with an intent to deceive the Patent Office, and was intended to induce and did induce the Patent Office to grant the '076 patent.

## COUNT ONE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,022,076)

53. Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

54. The claims of the '076 patent are invalid for failing to comply with the requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, 112 and/or 135.

55. Telebrands has no adequate remedy at law.

56. There is an actual and justiciable controversy between Telebrands and Defendants regarding the '076 patent.

## COUNT TWO
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 9,022,076)

57. Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

58. This cause of action arises under 35 U.S.C. §§ 281 *et seq.*

59. Telebrands has not infringed, and is not infringing, any valid claim of the '076 patent.

60. Telebrands has not induced, and is not inducing, infringement of any valid claim of the '076 patent.

61. Telebrands has not contributorily infringed, and is not contributorily infringing, any valid claim of the '076 patent.

62. Telebrands has no adequate remedy at law.

63. There is an actual and justiciable controversy between Telebrands and Defendants regarding the '076 patent.

**COUNT THREE**
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 9,022,076)**

64. Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

65. The '076 patent is unenforceable due to Frost Brown's, Gary Dean Ragner's and Robert Daniel deRochemont, Jr.'s inequitable conduct before the U.S. Patent and Trademark Office..

66. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. had a general duty of candor and good faith in its dealings with the Patent Office.  Pursuant to 37 C.F.R. § 1.56, an inventor has an affirmative obligation to disclose to the Patent Office all information he knows to be material to the examination of his pending patent application.  The inventor's duty extends to his representatives, such as his attorneys, and all others who are substantively involved in the preparation and prosecution of the patent application.

67. On information and belief, Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. knew of their duty of candor and good faith in connection with the '076 patent.

68. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. breached their duty of candor and good faith before the Patent Office.

69. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. engaged in material misconduct.

70. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. made affirmative misrepresentations of material facts.

71. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. consistently withheld material information from the Patent Office in connection with the prosecution of the application that issued as the '076 patent.

72. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. did not disclose to the Patent Office that they copied claims from the '941 patent.

73. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. did not disclose to the Patent Office that they copied claims from the '941 patent into Ser. No. 14/262,108 more than one year after the '941 patent issued.

74. Frost Brown's, Gary Dean Ragner's and Robert Daniel deRochemont, Jr.'s misconduct was but-for material to the issuance of the '076 patent.

75. Frost Brown's, Gary Dean Ragner's and Robert Daniel deRochemont, Jr.'s conduct rises to the level of egregious misconduct such that materiality may be presumed.

76. On information and belief, Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. intended to deceive the Patent Office.

77. Frost Brown's, Gary Dean Ragner's and Robert Daniel deRochemont, Jr.'s conduct evidences a pattern of lack of candor, and deceptive intent is the single most reasonable inference that can be drawn therefrom.

78. Frost Brown, Gary Dean Ragner and Robert Daniel deRochemont, Jr. made affirmative misrepresentations of material facts and knowingly failed to appropriately disclose material information to the Patent Office with the intent to deceive the Patent Office; thus, the '076 patent is unenforceable due to inequitable conduct.

79. Telebrands has no adequate remedy at law.

80. There is an actual and justiciable controversy between Telebrands and Defendants regarding the '076 patent.

## PRAYER FOR RELIEF

WHEREFORE, Telebrands respectfully requests the following relief:

(a) For a declaration that the '076 patent is invalid;

(b) For a declaration that Telebrands does not infringe any valid claim of the '076 patent;

(c) For a declaration that the '076 patent is unenforceable;

(d) For a finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding attorneys' fees, costs and expenses to Telebrands in connection with this case;

(e) For an award of such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 5, 2015

By: s/ Jeffrey L. Snow
Jeffrey L. Snow (JS 5396)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
JSnow@cooperdunham.com

Peter D. Murray
Robert T. Maldonado
Eric M. Eisenberg
Tonia A. Sayour (TS 7208)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
PMurray@cooperdunham.com
RMaldonado@cooperdunham.com
EEisenberg@cooperdunham.com
TSayour@cooperdunham.com

Attorneys for Plaintiff Telebrands Corp.