<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TELEBRANDS CORP.,** *Plaintiff*, v. **RAGNER TECHNOLOGY CORP. & TRISTAR PRODUCTS, INC.,** *Defendants*. | **Civil Action No. 15-3163** **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

Defendants Ragner Technology Corporation ("Ragner Technology") and Tristar Products, Inc. ("Tristar") move to dismiss Plaintiff Telebrands Corporation's ("Telebrands") Complaint for lack of subject matter jurisdiction. Dkt. No. 7. Because affirmative acts and prior litigation create an actual controversy here, the Court denies the motion to dismiss. Plaintiff also moves to amend its Complaint to include an additional patent. Dkt. No. 14. Because there is subject matter jurisdiction as to that patent as well, such that amendment would not be futile, so the Court grants Plaintiff's motion to amend.

**I. BACKGROUND**

Telebrands, a New Jersey corporation, brings this lawsuit to establish non-infringement and invalidity of U.S. Patent No. 9,022,076 (the "'076 patent"). Defendant Ragner Technology owns the '076 patent, along with several other patents in the same family. Ragner Technology granted a license to the '076 patent to Defendant Tristar. Id. ¶ 24.

1

Telebrands sells a variety of consumer products through internet sales, including the "POCKET HOSE" products, which are expandable hose products marketed and sold by Telebrands throughout the United States. Id. ¶¶ 17, 19. These POCKET HOSE products compete with a Ragner Technology product, the FLEX-ABLE HOSE. Id. ¶¶ 13, 27. They are also protected by a variety of trademarks. Id. ¶ 19.

The '076 patent is entitled "Linearly Retractable Pressure Hose Structure" and was issued on May 5, 2015. Id. ¶ 20. The '076 patent issued from U.S. Serial No. 14/262,108, filed by Ragner on April 25, 2014. Id. ¶ 21. The named inventors of the '076 patent, Gary Ragner and Robert deRochemont, Jr., assigned the '076 patent to Ragner Technology. Id. ¶¶ 22-23.

A variety of patents are related to the '076 patent. The '076 patent is a continuation of U.S. Serial No. 11/343,602, which was filed on January 30, 2006, and issued as U.S. Patent No. 8,776,836 (the "'836 patent"). Id. The '836 patent is a continuation-in-part of U.S. Serial No. 11/234,994, which was filed on September 26, 2005, and issued as U.S. Patent No. 7,549,448 (the "'448 patent"). The '448 patent is a divisional of U.S. Serial No. 10/303,941, which was filed on November 25, 2002, and issued as U.S. Patent No. 6,948,527 (the "'527 patent"). Id.

U.S. Patent No. 8,291,941 (the "'941 patent") is currently being asserted against Telebrands and Tristar by other companies, namely, Blue Gentian, LLC and National Express, Inc. Id. ¶ 32. Tristar and Ragner Technology have also asserted other patents—the '527 patent, the '448 patent, and the '836 patent—against Blue Gentian, LLC, National Express, Inc., E. Mishan and Sons Inc., and Dap Brands Co. in relation to their XHOSE expandable hose product. Id. ¶ 33. In the application leading to the '076 patent, claims 9 and 17 were copied from claims 1 and 18 of the '941 patent. Id. ¶ 29.

Ragner Technology sent a letter discussing a patent application it expected to issue in the family of the '076 patent, which Telebrands argues refers to the '076 patent, and requested Telebrands enter into licensing discussions with Ragner Technology. Dkt. No. 7-1 Ex. A. Tristar has also requested that Telebrands obtain a license on patents related to the '076 patent before the '076 patent issued. Id. ¶ 28.

This matter was then filed on May 5, 2015, the day that the '076 patent issued. Id. Ragner Technology sought to dismiss this matter, arguing that there was no case or controversy sufficient to support subject matter jurisdiction over the declaratory judgment action. Dkt. No. 17. Briefing was finished on June 29, 2015. Dkt. No. 11.

Ragner Technology then sued Telebrands in the District of Delaware, asserting the '448 patent. See Ragner Tech. Corp. v. Telebrands Corp., No. 1:15-cv-741-RGA (D. Del.). Telebrands subsequently moved to amend its complaint in this case to include the '448 patent, Dkt. No. 14, and Ragner Technology opposed on the grounds that any amendment would be futile because the Court does not have subject matter jurisdiction. Dkt. No. 15. The Court now resolves the motion to dismiss for lack of jurisdiction, Dkt. No. 7, and the motion for leave to file an amended complaint, Dkt. No. 14.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction may be facial or factual. Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a facial attack, the Court considers the complaint and documents referenced therein in the light most favorable to plaintiff. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack, the movant challenges the essential facts underlying subject matter jurisdiction.

Mortensen, 549 F.2d at 891. In a declaratory judgment action, the plaintiff bears the burden to prove subject matter jurisdiction. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 140 (2007). The Court may review extrinsic evidence, such as affidavits, when considering whether a factual basis for jurisdiction exists. 3M Co. v. Avery Dennison Corp., 673 F.3d 1372, 1378 (Fed. Cir. 2012). In a factual attack, no presumptive truthfulness attaches to the allegations and the Court may consult material outside the pleadings. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, and requires the Court to "freely give leave when justice so requires." This standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). Leave to amend a pleading may be denied where the Court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

"In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court may also consider whether it has subject matter jurisdiction when conducting a futility analysis. United States v. Sensient Colors,

4

Inc., No. 07-1275, 2009 WL 394317, at *3 (D.N.J. Feb. 13, 2009) aff'd, 649 F. Supp. 2d 309 (D.N.J. 2009); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (federal court must dismiss a case if it determines it lacks subject matter jurisdiction).

### III. ANALYSIS

#### A. Motion to Dismiss

Ragner factually attacks the Court's jurisdiction over this action. The Court therefore examines whether there is an actual controversy between Ragner and Telebrands. There is.[1]

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An actual controversy exists where a dispute is "definite and concrete, touching the legal relations of parties having adverse legal interest," "real and substantial," and "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, 549 U.S. 127. The Court must consider "under all the circumstances" whether jurisdiction exists. MedImmune, 127 S.Ct. at 771; Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 901 (Fed. Cir. 2008) ("In short, 'all the circumstances' must show a controversy.").

Actual controversy exists in the patent context where Plaintiff has alleged both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity. Ass'n for Molecular Pathology v. United States Patent & Trademark Office, 689 F.3d 1303, 1318 (Fed. Cir. 2012), aff'd in part, rev'd in

---

[1] In the instant motions, the parties do not dispute that Telebrands may be conducting potentially infringing activity.

part on other grounds sub nom, Ass'n for Molecular Pathology v. Myriad Genetics, Inc., 133 S. Ct. 2107 (2013). An affirmative act requires more "than a communication from a patent owner to another party, merely identifying its patent and the other's product line." 3M Co., 673 F.3d at 1378-79. "How much more is required is determined on a case-by-case analysis." Id. at 1379. The mere existence of a potentially adverse patent is not sufficient to grant declaratory judgment jurisdiction. See Sandisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1380-81 (Fed. Cir. 2007); Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1338 (Fed. Cir. 2008). "[A] patentee's aggressive enforcement strategy, even in the absence of direct threats against the declaratory plaintiff, may also support jurisdiction." Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 906 (Fed. Cir. 2014).

Considering all the circumstances, the Court finds that there is a case or controversy of sufficient immediacy to provide subject matter jurisdiction over this dispute. There was an affirmative act in this case. Ragner Technology sent Telebrands a letter on March 27, 2015, which stated:

> Finally, as a follow-up to previous discussions between our clients, you are undoubtedly aware that Tristar's patent portfolio covering the Flex~Able Hose has expanded with the addition of United States Patent No. 8,757,213, issued June 24, 2014. We expect another application to issue shortly. As we have previously discussed, if Telebrands would like to discuss a licensing arrangement with respect to its POCKET HOSE ® products, please feel free to reach out for me at any time.[2]

Dkt. No. 7-1 Ex. A. This communication did not expressly identify the '076 patent, but it could not since that patent had not yet issued. Telebrands argues that the application which Ragner Technology expected "to issue shortly" was the application leading to the '076 patent, and the

---

[2] This document did not accompany a certification identifying it as authentic, but Plaintiff has not disputed its authenticity or relied upon any other communication in its opposition briefing.

6

timing of the letter and the '076 patent's issuance are consistent with that theory. It does, however, mention family-related patents, that a patent was expected to issue shortly, and that counsel is available to continue licensing discussions. Telebrands also alleges, and Tristar does not deny, that "Tristar has on multiple occasions insisted that Telebrands obtain a license from Tristar and/or Ragner Technologies to Ragner Technologies' patents and patent applications related to the '076 patent." Compl. ¶ 28. Defendants have also "repeatedly insisted that Telebrands take a license for patents in the same patent family as the '076 patent." Id. ¶ 35.

Defendants argue that these actions are insufficient to show that they sought to enforce the '076 patent against Telebrands. But "Article III does not mandate that the declaratory judgment defendant have threatened litigation or otherwise taken action to enforce its rights before a justiciable controversy can arise. . . . ." Danisco U.S. Inc. v. Novozymes A/S, 744 F.3d 1325, 1330 (Fed. Cir. 2014). Defendants identified a particular product in direct competition with their own, Compl. ¶ 27, and sought licensing discussions for the patent family of which the '076 patent is a part. Dkt. No. 7-1 Ex. A.

Ragner Technology and Tristar have also asserted several patents in the same family as the '076 patent against other competitors that produced and sold a similar expandable hose product, the XHOSE. Compl. ¶ 33; Tristar Prods., Inc. v. Nat'l Express, Inc., No. 13-cv-07752 (D.N.J.). The Court may consider the existence of multiple litigations involving Defendants concerning the same technology and related patents. See DataTern, Inc., 755 F.3d at 906;[3] Panda Apparel, LLC

---

[3] Though DataTern found Microsoft could not be sued under one of the patents at issue in that case, the Federal Circuit's reasoning there does not apply to this case. The only theory of infringement of the dismissed patent in DataTern was induced infringement, which the patentee had never advanced as a theory in any of over a hundred cases. DataTern, Inc., 755 F.3d at 907. As such, Microsoft could not reasonably anticipate being sued under that theory. Here, however, there is no indication the theories of infringement advanced against Blue Gentian and its counterparts differ from those Telebrands may face.

v. Spirit Clothing Co., No. 14-5514, 2015 WL 5255249, at *4 (D.N.J. Sept. 8, 2015) ("Spirit's multiple litigations concerning substantially similar products" demonstrate the existence of a case or controversy).

Furthermore, the same claim language present in the '076 patent was previously asserted against Telebrands by another company in the expandable hose space. Ragner Technology allegedly copied two claims of the '076 patent from the '941 patent, held by Blue Gentian. Compl. ¶ 43. Blue Gentian previously asserted the '941 patent against Telebrands' products. Compl. ¶¶ 29-33; see Telebrands Corp. v. Nat'l Express, Inc., No. 12-06671 (D.N.J.). Telebrands' concern that the '076 patent may be asserted against it is reasonable; a patent with identical claim language was previously asserted against Telebrands' products.

Ragner Technology has also declined to provide a covenant not to sue Telebrands on the '076 patent. Though this is not dispositive, it is relevant to the Court's consideration of whether an actual controversy exists concerning Defendants' patent rights. 3M Co., 673 F.3d at 1381 ("[A]lthough a patentee's refusal to give assurances that it will not enforce its patent is relevant to the determination [of declaratory judgment jurisdiction], it is not dispositive."). This provides further support indicating that there is a case or controversy as to the '076 patent. See Arris Grp., Inc. v. British Telecomms. PLC, 639 F.3d 1368, 1381 (Fed. Cir. 2011) (concluding that, under the circumstances, the patentee's refusal to grant a covenant not to sue provided "a level of additional support for our finding that an actual controversy exists").[4]

Subsequent to the filing of this lawsuit, Ragner did assert a related patent, the '448 patent, against Telebrands in the District of Delaware. See Ragner Tech. Corp. v. Telebrands Corp., No.

---

[4] The Court does not here hold that refusing to grant a covenant not to sue alone creates jurisdiction. In the circumstances of this case, it simply provides added support for the Court's jurisdictional finding.

8

1:15-cv-741-RGA (D. Del.). While "[l]ater events may not create jurisdiction where none existed at the time of filing," GAF Bldg. Mats. Corp. v. Elk Corp., 90 F.3d 479, 483 (Fed. Cir. 1996), such events may reinforce the correctness of its conclusions regarding the existence of an actual controversy. BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 980 (Fed. Cir. 1993) ("Although it is the situation at the time the suit was filed that establishes the existence *vel nom* of an actual controversy, subsequent events can reinforce the correctness of the conclusion."); Cingular Wireless LLC v. Freedom Wireless, Inc., 2007 U.S. Dist. LEXIS 47957 (D. Ariz. 2007) ("[T]he fact that Defendant did sue Plaintiffs for alleged infringement of the patents-in-suit reflects the reasonableness of Plaintiffs' belief that Defendant intended to initiate legal proceedings against them."); True Science Holdings, LLC v. Mars, Inc., 2015 WL 574560 at *6 (D. Utah Feb. 11, 2015).

Telebrands was rightfully concerned that Ragner Technology intended to enforce its patents against Telebrands. Based on the letter from Ragner Technology to Telebrands, Defendants' insistence that Telebrands take a license to family-related patents, Defendants' assertion of patents in the same family against another expandable hose competitor, third parties' assertion of patents against Telebrands with identical claim language to the '076 patent, and Defendants' refusal to grant a covenant not to sue, this Court has subject matter jurisdiction over this declaratory judgment matter. Defendants' motion to dismiss therefore fails.

### B. Motion to Amend

Plaintiff's motion to amend seeks to include the '448 patent in this lawsuit. Defendants' only opposing arguments all rely on the premise that this Court does not have subject matter jurisdiction to enter declaratory judgment concerning either the '076 patent or the '448 patent. The Court has already rejected this argument as it concerns the '076 patent. And Ragner has sued

Telebrands using the '448 patent. If "a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support [declaratory judgment] jurisdiction." 3M Co. v. Avery Dennison Corp., 673 F.3d 1372, 1379 (Fed. Cir. 2012) (quoting Cardinal Chem. Co. v. Morton Int'l, 508 U.S. 83, 96 (1993)). The Court therefore has subject matter jurisdiction over the '448 patent. Plaintiff's motion to amend is therefore not futile.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED** and Plaintiff's motion to amend is **GRANTED**. An appropriate order accompanies this opinion.

Date: January 14, 2016                    */s Madeline Cox Arleo*
                                          **MADELINE COX ARLEO**
                                          **UNITED STATES DISTRICT JUDGE**

---

[5] The parties accuse each other of forum shopping, a frequent concern following MedImmune. See Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 902 (Fed. Cir. 2008) ("the ease of obtaining a declaratory judgment could occasion a forum-seeking race to the courthouse between accused infringers and patent holders."). However, the Federal Circuit identified the appropriate method of resolving those disputes: "in cases such as this with competing forum interests, the trial court needs to consider the 'convenience factors' found in a transfer analysis under 28 U.S.C. § 1404(a)." Id. at 602-03. What forum is most convenient to consider the '448 patent dispute has not been briefed by the parties in this action. The parties have also not briefed whether preclusion issues may prevent (or require stay) of copending proceedings in Delaware or New Jersey on the '448 patent. The Court therefore does not address those questions here.