**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **TELEBRANDS CORP.,** | : | |
| Plaintiff, | : | Civil Action No. 15-3163 (ES) |
| v. | : | **MEMORANDUM OPINION** |
| **RAGNER TECHNOLOGY CORP.,** et al., | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

### I.  Background

Pending before the Court is a motion by Plaintiff Telebrands Corp. ("Plaintiff" or "Telebrands") to dismiss Count II of counterclaims by Defendants Ragner Technology Corp. ("Ragner") and Tristar Products, Inc. ("Tristar") (collectively, "Defendants").

In this patent case, Plaintiff seeks a declaratory judgment of non-infringement, invalidity, and unenforceability for patents "owned and/or licensed by Defendants." (D.E. No. 23 ("Amend. Compl.") ¶ 1). The patents-in-suit are U.S. Patent No. 9,022,076 (the "'076 patent") and U.S. Patent No. 7,549,448 (the "'448 patent"). (*Id.*). According to Defendants' counterclaim allegations, these patents "disclose the fundamental technology underlying linearly retractable pressure hoses." (D.E. No. 25 ("Defs. Counterclaim") ¶ 11).[1] Ragner owns the patents and Tristar is the exclusive licensee for both patents. (*Id.* ¶¶ 11, 12). Defendants assert

---

[1] The Court must accept Defendants' counterclaim factual allegations as true for purposes of resolving Plaintiff's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). The Court notes that Ragner and Tristar filed separate responsive pleadings on February 5, 2016, (*see* D.E. Nos. 24 & 25), but their counterclaims appear nearly identical and, for the sake of convenience, the Court will cite to Tristar's allegations, (D.E. No. 25), unless otherwise noted.

two Counts for patent infringement: infringement of the '448 patent (Count I) and infringement of the '076 patent (Count II).  (*Id.* ¶¶ 39-56).

In Count II, Defendants allege that "Telebrands directly infringed and is still infringing, both literally and under the doctrine of equivalents, *one or more claims* of the '076 patent."  (*Id.* ¶ 49 (emphasis added)).  They allege that Telebrands does so "by importing, distributing, selling, and offering to sell hoses that directly infringe *one or more claims* of the '076 patent and/or using the claimed methods in their advertising, testing the products practicing the claimed methods, offering for sale use of the claimed methods, and offering for sale hoses that practice *one or more claims* of the '076 patent."  (*Id.* (emphases added)).  Defendants identify certain Telebrands hoses that practice "*one or more claims* of the '076 patent."  (*See id.* (emphasis added)).  They assert that Telebrands directly and indirectly infringes the '076 patent.  (*See id.* ¶¶ 49-51).

Telebrands moves to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6).  (D.E. No. 29-1 ("Mov. Br.")).  The crux of its motion is that "Count II does not identify any patent claims alleged to be infringed, but rather merely states that 'one or more claims of the '076 patent' are infringed."  (*Id.* at 1 (citing Defs. Counterclaim ¶¶ 49-51)).  Telebrands argues that Count II should therefore be dismissed for failure to state a claim upon which relief can be granted.  (*Id.* at 2).

The Court has considered the submissions made in support of and in opposition to Plaintiff's motion and decides this matter without oral argument.  *See* Fed. R. Civ. P. 78(b).  For the reasons below, the Court DENIES Plaintiff's motion to dismiss.

**II.     Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether there is "a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

So, the inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus*, 641 F.3d at 563.[2]

---

[2] Although this is a patent case, resolving a "Rule 12(b)(6) motion . . . is a purely procedural question not pertaining to patent law, to which [the Court of Appeals for the Federal Circuit] applies the rule of the regional . . . circuit." *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000).

### III.     Discussion

#### A.  The December 2015 Amendments to the Federal Rules of Civil Procedure

Before December 1, 2015, "Form 18 set[] forth a sample complaint for direct patent infringement." *See In re Bill of Lading Transmission & Processing Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *see also RAH Color Techs. LLC v. Ricoh USA Inc.*, No. 15-5203, 2016 WL 3632720, at *2 (E.D. Pa. July 7, 2016) ("Form 18, formerly appended to the Federal Rules of Civil Procedure, provided a sample pleading for direct patent infringement that permitted threadbare infringement allegations.").

This "sample complaint in the Appendix of Forms [was] relevant because Federal Rule of Civil Procedure 84 state[d] that 'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'" *In re Bill of Lading*, 681 F.3d at 1334 (quoting Fed. R. Civ. P. 84 (abrogated)).  In particular, Form 18 required:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* (internal quotation marks and alterations omitted) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

Under *In re Bill of Lading*, "Form 18 and the Federal Rules of Civil Procedure [did] not require a plaintiff to plead facts establishing that each element of an asserted claim is met" and, in particular, "a plaintiff need not even identify which claims it asserts are being infringed." *Id.* at 1335 (citation omitted).  So, "[a]s long as the complaint in question contain[ed] sufficient factual allegations to meet the requirements of Form 18, the complaint ha[d] sufficiently pled direct infringement." *Id.* at 1336.

On December 1, 2015, however, the Federal Rules of Civil Procedure were amended—and these amendments "govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court Order, at 3 ¶ 2 (U.S. Apr. 29, 2015).[3] Critically, the amendments abrogated Rule 84 and Form 18. *See id.* at 3 ¶ 1, 31; *Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-1729, 2016 WL 3361858, at *4 (N.D. Cal. June 17, 2016) ("Rule 84, upon which the pleading standard set forth in Form 18 is based, has been abrogated by amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2015."); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*, No. 15-438, 2015 WL 7833206, at *2 n.1 (D. Del. Dec. 3, 2015) ("Amendments to the Federal Rules of Civil Procedure taking effect on December 1, 2015 abrogate Rule 84 and the Appendix of Forms, including Form 18."), *report and recommendation adopted by*, No. 15-438, D.E. No. 27 (D. Del. Jan. 21, 2016).

Thus, "Rule 84 has been abrogated, so *In re Bill of Lading* no longer applies." *Rembrandt Patent Innovations LLC v. Apple Inc.*, No. 14-5094, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015). And "the Federal Rules' amendment abrogating both Rule 84 and the Appendix of Forms means that claims of direct infringement are now also subject to the *Twombly/Iqbal* pleading standard." *RAH Color Techs.*, 2016 WL 3632720, at *3-4 (italics added) ("[T]he abrogation of Rule 84 and Form 18 eliminated any reason to deviate from Twombly/Iqbal in pleading patent claims."); *see also Mayne Pharma Int'l PTY Ltd.*, 2015 WL 7833206, at *2 n.1 ("Under the new rules, allegations of direct infringement will be subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief.'").

---

[3] Available at http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

### B. The Parties' Arguments

Telebrands argues that patent infringement claims must now "satisfy the plausibility pleading standard of *Twombly* and *Iqbal*." (Mov. Br. at 2 (citations omitted)). And it avers that, "[t]o comply with the pleading requirements of *Twombly* and *Iqbal*, at a minimum the patentee must allege which claims of the patent are asserted to be infringed, and by which features in the accused products." (*Id.* at 4 (citing *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part))). So Telebrands asserts that "Defendants cannot possibly have stated a plausible claim for patent infringement because they failed to identify any claims of the '076 patent alleged to be infringed." (*Id.* at 5).

Telebrands insists that, "[i]f the patentee cannot identify even one patent claim alleged to be infringed, it has wholly failed to meet its obligations under federal law with respect to pleading requirements and Federal Rules of Civil Procedure 8 and 11." (D.E. No. 36 ("Reply Br.") at 1). And it argues that—given the requirements of this District's Local Patent Rules—"Defendants are simply postponing the inevitable disclosure of asserted claims of the '076 patent by failing to comply with the pleading requirement of doing so now." (*See id.* at 5).

In opposition, Ragner and Tristar argue that Count II "satisfies the pleading standard of Fed. R. Civ. P. 8(a) as defined by *Twombly* and *Iqbal*." (D.E. No. 35 ("Opp. Br.") at 2). They contend that the only argument advanced by Telebrands is "that the absence of identification of specific claims subjects Counterclaim II to dismissal under Fed. R. Civ. P. 12(b)(6)." (*Id.* at 5; *see also id.* at 5 n.1 ("Telebrands does not hide that the only difference between Count I which it answered and Count II is the identification of specific claims." (internal citations omitted))).

Defendants aver that Telebrands' reliance on Judge Dyk's opinion in *McZeal* belies its position because "Judge Dyk admitted that the issues associated with the form pleading were

tempered by Court rules, such as those in New Jersey, that required early identification of infringement allegations." (*Id.* at 6 (citing *McZeal*, 501 F.3d at 1360 n.3 (Dyk, J., concurring-in-part and dissenting-in-part))). They assert that Telebrands attempts to "summarily dismiss the significance of New Jersey's Local Patent Rules"—which require a patentee to provide "Disclosure of Asserted Claims and Infringement Contentions" within 14 days of the initial Scheduling Conference—and to "rewrite" Federal Rule of Civil Procedure 8(a) "to include a requirement that a patent owner include specific claims in its Complaint." (*Id.* at 7-8). Defendants contend that requiring a patentee "to indicate which patent claims it alleges a defendant is infringing in a Complaint [] would read out Local Patent Rule 3.1(a) and render it meaningless." (*Id.* at 8).

### C. Analysis

As an initial matter, the parties agree that the proper measure for the sufficiency of Defendants' Count II is the standard under *Twombly* and *Iqbal*, not Form 18. (*See, e.g.*, Mov. Br. at 3-4; Opp. Br. at 1-2). But they dispute whether *Twombly* and *Iqbal* require—as a matter of law—a patentee to identify specific patent claims in a pleading to state a plausible claim for patent infringement.

To reiterate, Telebrands asserts that "Defendants cannot possibly have stated a plausible claim for patent infringement because they failed to identify any claims of the '076 patent alleged to be infringed." (Mov. Br. at 5; *see also* Reply Br. at 4 ("Defendants may have alleged facts relating to, *inter alia*, jurisdiction, patent ownership and remedies (Opp. [Br.] at 5), but they must also identify at least one patent claim alleged to be infringed to state a plausible claim for patent infringement.")). Defendants maintain, however, that "Telebrands' Motion to Dismiss is predicated on the erroneous conclusion that to survive a Motion to Dismiss under Fed. R. Civ. P.

12(b)(6), a Complaint alleging patent infringement must specifically identify the claims that the accused infringer is allegedly infringing." (Opp. Br. at 2 (citation omitted)).

The Court declines Telebrands' invitation to hold that a patentee must identify patent claims to state a plausible claim for relief in a patent infringement action. In doing so, the Court joins certain other district courts that have rejected comparable requests.

In *Windy City Innovations, LLC v. Microsoft Corp.*, a patentee filed a complaint for patent infringement without identifying specific claims. *See* No. 16-1729, D.E. No. 1 (N.D. Cal. June 2, 2015). The accused infringer moved to dismiss, taking issue with (among other things) the patentee's "failure to identify which of the Accused Instrumentalities or components thereof are implicated on a per-patent basis, let alone a per-830-claims basis." *Windy City Innovations*, 2016 WL 3361858, at *3 (citation and internal quotation marks omitted).

Applying the standard under *Twombly* and *Iqbal*, the court determined that "the Complaint describes (i) the Accused Instrumentalities and the functionalities of those products which allegedly infringe on plaintiff's patents and (ii) the ways in which the Accused Instrumentalities meet claims of the Patents." *Id.* at *5. Further, the court ruled that the accused infringer's "argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by both the local patent rules and Federal Circuit authority." *Id.* Accordingly, the court denied the accused infringer's motion to dismiss the patentee's direct infringement claims. *Id.*

Similarly, in *InCom Corp. v. Walt Disney Co.*, a patentee filed a complaint for patent infringement without identifying specific claims. *See* No. 15-3011, D.E. No. 26 (C.D. Cal. Nov. 23, 2015). The accused infringer moved to dismiss, arguing that the patentee's complaint "is too conclusory because it merely alleges that Defendants' infringing activities include development,

manufacture, and use of an attendance tracking system." *InCom Corp. v. Walt Disney Co.*, No. 15-3011, slip op. at 4 (C.D. Cal. Feb. 4, 2016) (citation and internal quotation marks omitted).

Applying the standard under *Twombly* and *Iqbal*, the court determined that the complaint "does more than name a product and baldly conclude that it infringes a patent which belongs to Plaintiff." *Id.* The court explained that, among other things, the patentee "attaches the patents in suit to the [complaint] and describes how its Attendance Tracking System uses RFID technology and ID badges to track human presence in large volumes" and "names specific products developed, manufactured and used by Defendants which, like Plaintiff's system, track human presence in large volumes." *Id.* Notably, the court determined that "Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system." *Id.* So the court ruled that the patentee's allegations of direct infringement were sufficient under "*Iqbal* and *Twombly*'s 'plausibility' standard." *See id.*[4]

Given the sound reasoning of these decisions—which come from districts that are highly regarded and well known for patent litigation[5]—the Court rejects Telebrands' assertion that, "[i]f the patentee cannot identify even one patent claim alleged to be infringed, it has wholly failed to meet its obligations under federal law with respect to pleading requirements and Federal Rules of Civil Procedure 8 and 11." (*See* Reply Br. at 1).

---

[4] As noted, Defendants' Count II alleges both direct and indirect infringement of the '076 patent. (*See* Defs. Counterclaim ¶¶ 49-51). Telebrands' motion, however, does not appear to make different arguments based on these distinct infringement theories; rather, it seems to argue that—for both direct and indirect infringement—claim identification is required. Although the movants in the cases discussed herein advanced separate arguments to dismiss indirect infringement claims, Telebrands advances only one basis for dismissal: the lack of claim identification in Count II. *Cf. Windy City Innovations*, 2016 WL 3361858, at *5-6; *InCom Corp.*, slip op. at 5.

[5] *See, e.g.*, Peter S. Menell et al., Patent Case Management Judicial Guide, at 6 (2009) (recognizing the Northern District of California and the Central District of California as among "the most active patent jurisdictions around the nation"); Matthew Sag, *IP Litigation in U.S. District Courts: 1994-2014*, 101 Iowa L. Rev. 1065, 1098 (2016) (reviewing patent litigation statistics in district courts from 1994 through 2014 and concluding that, "[f]or most of this period, the Central District of California was the most important venue for patent litigation over the last 21 years, followed by the Northern District of California").

Rather, the Court's independent review of Defendants' counterclaim allegations reveals, *inter alia*, allegations that describe the accused products, (*e.g.*, Defs. Counterclaim ¶¶ 22, 23, 34-37, 49), the functionalities of those products that allegedly infringe the '076 patent, (*e.g.*, *id.* ¶¶ 34-37), that the accused products meet claims of the '076 patent, (*e.g.*, *id.* ¶¶ 5, 6, 11, 25, 28, 34-37), and that Tristar's products practice one or more claims of the '076 patent and compete with Telebrands' products, (*e.g.*, *id.* ¶¶ 2, 12, 33), from which the Court can reasonably infer at this stage that Telebrands' products practice one or more claims of the '076 patent. To be sure, Defendants attached both patents to their pleadings and allege what is claimed by each patent. (*See id.* ¶¶ 10-11; D.E. Nos. 25-1 & 25-2). Indeed, Telebrands' only argument is that a patentee must "identify allegedly infringed patent claims to state a cause of action for patent infringement." (*See* Reply Br. at 4). But, like *Windy City Innovations* and *InCom Corp.*, the Court agrees Defendants have stated a plausible claim for infringement of the '076 patent given the allegations in their counterclaims.

Bolstering the Court's ruling is that this District's Local Patent Rules require the following:

> Not later than 14 days after the initial Scheduling Conference, a party asserting patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:
> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted . . . .

L. Patent R. 3.1. And the Local Patent Rules appear to define "Disclosure of Asserted Claims" as a disclosure "that lists each claim of each patent that is allegedly infringed by each opposing party." *See* L. Patent R. 3.6(b) (identifying disclosure requirements in Hatch-Waxman Act

patent infringement cases (i.e., cases arising under 21 U.S.C. § 355), but using the same phrase—i.e., "Disclosure of Asserted Claims").

Telebrands argues that "Defendants could have satisfied the pleading standards by identifying allegedly infringed claims and still provide the detailed infringement contentions under Local Patent Rule 3.1." (Reply Br. at 5). But Telebrands acknowledges, as it must, that Local Patent Rule 3.1 contemplates the patentee to identify—after the initial Scheduling Conference—*both* the asserted patent claims and detailed bases of the infringement contentions for those claims. (*See id.*); *see also Windy City Innovations*, 2016 WL 3361858, at *5 ("Additionally, defendant's argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by . . . the local patent rules . . . . [U]nder the patent rules, the plaintiff is required to serve detailed disclosures later this summer.").

To be sure, it is axiomatic that the Local Patent Rules "supplement the Federal Rules of Civil Procedure" and "are applicable in all proceedings when not inconsistent therewith." *See* L. Civ. R. 1.1(a). But contrary to Telebrands' concern, the Court is not using the Local Patent Rules to "supersede the Supreme Court's pronouncements in *Twombly* and *Iqbal* that a claim must be plausible to satisfy the pleading standards of Rule 8(a)." (*See* Reply Br. at 4-5 (citation omitted)). Rather, the Court rejects Telebrands' invitation to make claim identification a requirement under Federal Rule of Civil Procedure 8(a) for every patent-infringement complaint given a review of the persuasive case law discussed above. And the Court turns to the Local

Patent Rules—just as the *Windy City Innovations* court did—to inform the propriety of its ruling. *See* 2016 WL 3361858, at *5.[6]

### IV. Conclusion

For the above reasons, the Court DENIES Plaintiff's motion to dismiss Count II of Defendants' counterclaims. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] "The Court notes that . . . the District of New Jersey . . . adopted verbatim . . . Local Patent Rules from the Northern District of California." *TFH Publ'ns, Inc. v. Doskocil Mfg. Co.*, 705 F. Supp. 2d 361, 365 n.3 (D.N.J. 2010).