

ROPES & GRAY LLP
2099 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20006-6807
WWW.ROPESGRAY.COM

August 4, 2022

Matthew J. Rizzolo
T +1 202 508 4735
matthew.rizzolo@ropesgray.com

**VIA ECF**

The Honorable Evelyn Padin
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

The Honorable Michael A. Hammer
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Tristar Products, Inc. v. National Express, Inc.*, 2:13-cv-07752-EP-MAH;
      *Ragner Tech. Corp. v. Telebrands Corp.*, 2:15-cv-08185-EP-MAH;
      *Telebrands Corp. v. Ragner Tech. Corp.*, 2:15-cv-03163-EP-MAH;
      *Telebrands Corp. v. Ragner Tech. Corp.*, 2:16-cv-03594-EP-MAH;
      *Telebrands Corp. v. Ragner Tech. Corp.*, 2:16-cv-03474-EP-MAH

Dear Judge Padin:

Pursuant to Your Honor's order dated July 21, 2022 (-7752 D.I.[1] 374), the parties in the above-captioned matters ("Consolidated Actions")—Tristar Products, Inc. and Ragner Technology Corp. (collectively, "Plaintiffs"), and Telebrands Corp., Bulbhead.com, LLC ("Telebrands Defendants"), National Express, Inc., E. Mishan & Sons, Inc., and DAP Products, Inc. ("National Express Defendants") (collectively, "Defendants")—submit this joint letter (1) providing a brief summary of the parties' claims and defenses; (2) advising the Court of the status of discovery, pending motions, and settlement discussions; and (3) regarding any other issues to be addressed by the Court.

Plaintiffs and Defendants set forth their separate positions below.

---

[1] Hereinafter, "-7752 D.I." refers to the docket index of *Tristar Products, Inc. et al. v. National Express, Inc. et al.*, 2:13-cv-07752-EP-MAH (D.N.J.).

ROPES & GRAY LLP

- 2 -                                                                    August 4, 2022

**Plaintiffs' Position**

Brief Summary of the Parties' Claims and Defenses

In the Consolidated Actions, Plaintiffs are asserting a total of four patents against Defendants: U.S. Patent Nos. 7,549,448 ("the '448 Patent"); 9,022,076 ("the '076 Patent"); 9,371,944 ("the '944 Patent"), and 9,182,057 ("the '057 Patent") (collectively, "Asserted Patents"). Specifically, against the Telebrands Defendants, Plaintiffs are asserting infringement of the '448, '076, '944 and '057 Patents. And, against the National Express Defendants, Plaintiffs are asserting infringement of the '448, '076, and '944 patents. Both the Telebrands Defendants and National Express Defendants are denying infringement and are challenging the validity and enforceability of their respective asserted patents. In addition, the National Express Defendants are challenging the validity of U.S. Patent No. 8,776,836, but Plaintiffs are not asserting infringement of this patent.

Separate from the patent infringement claims, Plaintiffs also raise federal and state unfair competition claims against the Telebrands Defendants: false advertising and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), unfair competition under N.J. Stat. Ann. § 56:4-1 *et seq.*, tortious interference with prospective business advantage, and unfair competition under the common law of New Jersey. The Telebrands Defendants have raised a misappropriation of intellectual property claim against Plaintiffs.

Procedural History and Current Status of the Consolidated Actions

The earliest of the Consolidated Actions was filed in December 2013, and they were consolidated by the Court in April 2016 and August 2017. -7752 D.I. 121, 152. On July 18, 2019, the Consolidated Actions were stayed pending the Court-ordered mediation and all pending motions were administratively terminated ("2019 Stay"). -7752 D.I. 299. Prior to the 2019 Stay, the parties largely completed written discovery and document productions. The only remaining fact discovery related to depositions and limited written discovery and supplemental production relating to damages to account for the period subsequent to the 2019 Stay. Similarly, prior to the 2019 Stay, the parties had also completed *Markman* briefings, but no hearing has taken place yet. *See* -7752 D.I. 223, 227, 230 (*Markman* opening briefs); 253, 256, 258 (*Markman* response briefs).

Following unsuccessful mediation activities over the next two and a half years, the stay was lifted on December 15, 2021. -7752 D.I. 336, 337. The Court also instructed the parties to re-file *Markman* briefs (with proposed terms to be construed limited to a maximum of ten terms per side) and required the parties to submit a proposed schedule for claim construction, and permitted the parties to renew certain motions that had yet to be ruled upon by the Court when the 2019 Stay went into effect. -7752 D.I. 336, 337 at 8, 17.

Pursuant to the Court's instruction, in early 2022 the parties submitted competing proposed scheduled for claim constructions and renewed certain motions. The Court had yet to rule on these motions or set a schedule for claim construction when, on April 29, 2022, the Telebrands

ROPES & GRAY LLP

- 3 -                                                                    August 4, 2022

Defendants requested that the Court stay the Consolidated Actions pending an *ex parte* reexamination ("EPR") of the '448 Patent, which was filed by Telebrands Defendants on March 28, 2022.  -7752 D.I. 365 at 1.  On July 6, 2022, the Court granted Defendants' request for a stay pending the EPR. -7752 D.I. 371, 372.

Before the current stay, on January 7, 2022, Defendants also sought the Court's leave to amend its pleadings to add U.S. Patent No. 10,309,560 ("the '560 Patent") in the Consolidated Actions.  -7753 D.I. 340.  To avoid any further delay, Plaintiffs provided a Restricted Covenant Not to Sue and Notice Thereof to Defendants ("Covenant"), limited solely to the '560 patent.  *See* -7752 D.I. 359, Ex. A.  Among others, the Covenant explicitly excluded any patent other than the '560 Patent, including the Asserted Patents, from the scope of the covenant.  *Id.*  Defendants withdrew their request to amend pleadings to add the '560 Patent but instead filed a motion seeking leave to amend their pleadings to add implied license defenses to the Asserted Patents relying on Plaintiffs' Covenant.  The Parties completed their briefing, but prior to issuing a ruling on the merits, the Court administratively terminated the motion when it stayed the case.

The table below shows the chart of the motions currently outstanding in the Consolidated Actions:

| Motion | Filing Date | Applicable Actions |
|---|---|---|
| Defendants' Motion to Exclude the Declarations of Dr. Richard M. Lueptow for Claim Construction | January 7, 2022 | -7752; -3163; -8185[2]; -3594[3]; -3474[4] |
| Telebrands Corp.'s Motion for Reconsideration | January 12, 2022 | -8185; -3474 |
| Plaintiffs' Motion to Dismiss Telebrands Corp.'s Misappropriation of IP Claim | January 28, 2022 | -8185; -3474 |
| Defendants' Motion for Leave to File Amended Pleadings to Add Defenses and Allegations | May 27, 2022 | -7752; -3163; -8185; -3594; |

[2] Hereinafter, "-8185 D.I." refers to the docket index of *Ragner Tech. Corp. v. Telebrands Corp.*, 2:15-cv-08185-EP-MAH.
[3] Hereinafter, "-3594 D.I." refers to the docket index of *Telebrands Corp. v. Ragner Tech. Corp.*, 2:16-cv-03594-EP-MAH.
[4] Hereinafter, "-3474 D.I." refers to the docket index of *Telebrands Corp. v. Ragner Tech. Corp.*, 2:16-cv-03474-EP-MAH.

ROPES & GRAY LLP

- 4 -                                                                    August 4, 2022

| Motion | Filing Date | Applicable Actions |
|---|---|---|
| Relating to U.S. Patent No. 10,309,560 and Covenant Not to Sue | | -3474 |

Plaintiffs are willing to participate in settlement discussions but, absent a willingness from Defendants to make a substantial settlement offer, Plaintiffs expect that further settlement discussions at this juncture will be unproductive.

<u>Other Issues – Potential Bifurcation of Non-Patent Claims</u>

Due to the average length of time it takes for the Patent Office to complete EPRs, the current stay is likely to keep these Consolidated Actions between competitors paused for up to a year or more, after more than 8.5 years of litigation.

For the reasons set forth below and previously noted in Plaintiffs' letter opposing Defendants' request for a stay pending EPR (-7752 D.I. 367 at 8), Plaintiffs respectfully request that the Court allow Plaintiffs' unfair competition and tortious interference claims to proceed, whether via formal bifurcation of the cases or otherwise.

Plaintiffs' unfair competition and tortious interference claims are not based on any patents-in-suit, and would not be affected at all by the outcome of the EPR.  Indeed, each of these claims stems from Telebrands Defendants' unauthorized obtainment of Plaintiffs' prototype product from a third party who was under an obligation not to disclose it—the Telebrands Defendants' subsequent and improper copying of that prototype product to develop the inferior products accused of patent infringement in the Consolidated Actions and accompanied false advertising led to Plaintiffs' injury.  *See* -8185 D.I. 106 (Amended Complaint) at ¶¶ 44-55.  No such claim will be or can be affected by the outcome of the EPR.  *See Nippon Steel & Sumito Metal Corp. v. POSCO*, No. 12-cv-2429 DMC, 2013 WL 1867042, at *7-8 (D.N.J. May 2, 2013) ("Nothing [j]ustifies a [s]tay of the [n]on-[p]atent [c]laims" including "false advertising under the Lanham Act[] and unfair competition under common law.").

This Court has held that "[g]enerally speaking, claims unrelated to [the patent under *ex parte reexamination*] will not be stayed during a patent reexamination."  *Id.*, at *7.  The circumstances here do not warrant departure from this general rule.  Had Plaintiffs brought their unfair competition and tortious interference claims in a separate lawsuit, there is no doubt that they would not have been stayed pending the EPR.  Plaintiffs should not be denied their day in court on non-patent claims simply because they more efficiently chose to bring both patent and non-patent claims in a single lawsuit.  Should the Court agree to entertain Plaintiffs' request, Plaintiffs are happy to submit substantive briefing on the issue.

ROPES & GRAY LLP

- 5 -                                                                                    August 4, 2022

**Defendants' Position**

Defendants hereby provide their response to the Court's inquiries regarding the Consolidated Actions to include a more accurate and complete description of the requested information.  Moreover, Defendants have to respond to Plaintiffs' belated and baseless request to proceed with their non-patent claims despite the Court's current stay of the Consolidated Actions.

In the Amended Order dated July 6, 2022 (Dkt. No. 372 in No. 13-7752) ("Amended Order"), Judge Hammer substantially provided the information the Court seeks in the July 21, 2022 Text Order (Dkt. No. 374 in No. 13-7752).

**Significantly, the Court stayed the Consolidated Actions[5] and administratively terminated all pending motions in light of the U.S. Patent and Trademark Office's *Ex Parte* Reexamination of U.S. Patent No. 7,549,448 ("the '448 patent"), which is Plaintiffs' principal patent asserted in these actions**.  Amended Order at 2-3 & 9.  The Court stayed the Consolidated Actions after full briefing by the parties and consistent with the precedents of this Court and prior opinions of Judge Salas and Judge Hammer.

The Parties' Claims and Defenses

The Consolidated Actions concern patent infringement, invalidity, unenforceability, and non-infringement claims and defenses relating to Plaintiffs' asserted patents, the '448 patent and U.S. Patent Nos. 9,022,076, 9,371,944, and 9,182,057, which relate to expandable hose technology. Amended Order at 2 n.1.  The actions also include Plaintiffs' claims of false advertising and unfair competition under the Lanham Act, unfair competition under New Jersey state law, common law unfair competition, and tortious interference with prospective business advantage.  Defendants' claims and defenses include, in part, unfair competition by misappropriation of intellectual property, inequitable conduct, laches, unclean hands, and implied license resulting from Plaintiffs' grant of a covenant not to sue.  *See* Dkt. No. 368 in No. 13-7752 (administratively terminated motion to amend). The 13-7752 action also has declaratory judgment claims for invalidity and unenforceability for Plaintiffs' U.S. Patent No. 8,776,836, which is related to Plaintiffs' other patents, and claims for false patent marking based on Plaintiffs' '448, '836, and '076 patents.

---

[5] The Consolidated Actions are related to *Blue Gentian, LLC et al. v. Tristar Products, Inc. et al.*, Civil Action No. 2:13-cv-01758-NLH-AMD and *Ragner Technology Corp. et al. v. Michael Berardi et al.*, Civil Action No. 2:15-cv-07752-NLH-AMD ("Camden Actions").  Judge Hillman previously ruled that these Consolidated Actions should not be further consolidated with the Camden Actions.  Order, Dkt. No. 254 in No. 13-1758.  Nevertheless, the parties' previous settlement discussions were directed to a global settlement of all of the litigation between them.

ROPES & GRAY LLP

- 6 -                                                                    August 4, 2022

Previously Pending Motions

In the Amended Order, the Court administratively terminated Defendants' motions to amend their pleadings to add affirmative defenses and allegations concerning U.S. Patent No. 10,309,560 ("the '560 patent") and the covenant not to sue with respect to the '560 patent that Plaintiffs provided to Defendants on March 22, 2022.  *See id.* (administratively terminated motion to amend).  The Court directed Defendants to file these motions, but did not consider them prior to staying the action in the Amended Order.  Defendants submit that the Court should reinstate these motions to amend if the Consolidated Actions continue after resolution of the '448 patent reexamination proceeding, and the Defendants may seek other relief with respect to the Consolidated Actions through subsequent motions based on the Patent Office's decision in the '448 patent reexamination proceeding and the Court's decision on the motions to amend.

The Court administratively terminated Defendants' motions to exclude the declaration of Plaintiffs' purported expert from claim construction proceedings.  Amended Order at 9.  This is the second time the Court administratively terminated these motions.  The motions will have to be decided prior to conducting any claim construction proceedings in the future.

The Court administratively terminated Plaintiffs' motions to dismiss Telebrands' claim for unfair competition by misappropriation of intellectual property and the Telebrands Defendants' motions for reconsideration of the denial of the motion to dismiss Plaintiffs' claim for tortious interference with prospective business advantage.  *Id.*  These motions were also administratively terminated for the second time in the Amended Order.

Status of Discovery

Written discovery and document production were completed prior to the stay of the Consolidated Actions, other than for supplementation of the parties' prior responses. Fact discovery and the period to conduct depositions will remain open for 60 days after the Court renders a claim construction decision.  Dkt. No. 336 in No. 13-7752.

The Court has not yet conducted *Markman* claim construction proceedings in the Consolidated Actions, and has not yet set the parameters for and scope of claim construction proceedings. Defendants submit that amendments to the parties' claim construction contentions and further or modified briefing of the parties' positions may be required prior to conducting claim construction proceedings, if the Consolidated Actions continue after resolution of the '448 patent reexamination proceeding.

Settlement Discussions

The parties conducted a settlement conference with Judge Hammer on August 15, 2018.  The parties were unsuccessful in resolving any issues in the Consolidated Actions at the settlement conference.

ROPES & GRAY LLP

- 7 -                                                                            August 4, 2022

Judge Salas stayed the Consolidated Actions and administratively terminated then-pending motions for the parties to conduct mediation with Court-appointed mediator Judge Garrett Brown from the period from July 2019 through December 2021.  The parties were unsuccessful in resolving any issues in the Consolidated Actions through the mediation.

Defendants do not believe that settlement discussions will be productive until resolution of the pending '448 patent reexamination proceeding.

Plaintiffs' statement above regarding settlement is wholly improper, particularly the implications that Plaintiffs are entitled to a "substantial settlement offer" (as Plaintiffs alone construe that term), which is incorrect, and that Defendants are unwilling to make a substantial settlement offer, which is made in bad faith and has no place in a letter to the Court.

<u>Plaintiffs' Improper Request to Bifurcate and Continue the Non-Patent Claims Despite the Stay</u>

Plaintiffs' current request to bifurcate and continue the non-patent claims despite the stay is belated and contrary to law.[6]

In setting the schedule for the litigation, Judge Salas and Judge Hammer understood the importance and benefits of allowing the U.S. Patent and Trademark Office to reexamine the '448 patent based on the substantial new questions of patentability that the Patent Office identified.[7]  When the parties were briefing the issue of Defendants' request for a stay, Plaintiffs did not ask the Court to consider or even mention bifurcating and continuing the non-patent claims irrespective of the entry of a stay.[8]  Moreover, Plaintiffs were willing to *sideline* their non-patent claims when they believed their patent claims were viable and asked the Court to proceed *first* with the patent claims.  Dkt. No. 334 in 13-7752, Joint Letter dated December 6, 2021, at 2 & n.1 (Plaintiffs' Going-Forward Proposal asserting "Plaintiffs' non-patent claims . . . would remain in the case, but are not relevant to claim construction.").  Plaintiffs' current request, which *ignores* the Defendants' non-patent claims in the Consolidated Actions, is clearly a last-ditch attempt to pursue their baseless claims against Defendants

---

[6] Plaintiffs' non-patent claims are asserted against the Telebrands Defendants only, and this issue does not affect the National Express Defendants with respect to the litigation.

[7] Plaintiffs' citation to the *Nippon Steel* case above, in the same manner they cited the case to the Court in their briefing on the request for a stay, is unavailing.  In that case, non-patent claims were cited as a reason not to grant a stay *in general* in connection with the alleged prejudice factor.  However, facts of the *Nippon Steel* case are distinguishable and its reasoning is not the prevailing view of the judges in this District.  Accordingly, Judge Hammer ignored the *Nippon Steel* ruling in the Court's Order granting the stay, consistent with subsequent precedential decisions in this District including those of both Judge Salas and Judge Hammer.

[8] Plaintiffs did not request bifurcating the non-patent claims at any earlier point in the litigation either.

ROPES & GRAY LLP

- 8 -                                                                                      August 4, 2022

despite the stay that the Court entered after full briefing by the parties and having a complete understanding of the issues involved in this case.

The parties' submissions in the Consolidated Actions, including Plaintiffs' summary of the parties' claims and defenses above, emphasize that this litigation principally concerns patent issues, and the federal and state unfair competition causes of action are subordinate thereto.  The federal and state unfair competition claims arise out of the Defendants' development, manufacture, and sale of their accused expandable hose products, and thus arise out of the same, common nucleus of operative facts as the parties' patent infringement claims and defenses.  Plaintiffs concede that all of the claims are related to the patented invention and the scope of the patents, describing the alleged unfair competition as "improper copying of th[e] prototype product" of their alleged *patented invention* and the accused "products accused of patent infringement in the Consolidated Actions and *accompanied* false advertising."  These claims are inextricably intertwined with determining what exactly are the bounds of the protectable right, i.e., patent right, for Plaintiffs' prototypes, and can only be understood in relation to the disclosures contained in the Plaintiffs' patents.

Further, Plaintiffs deliberately *chose* to bring their secondary unfair competition claims in the Consolidated Actions, and their decision to do so could not have been based solely on "efficiency" because of the substantial overlap in the facts relating to the patent and non-patent claims.  In fact, it is now clear that disposing of the patent claims—including through the pending reexamination proceeding—will largely or entirely eliminate these secondary non-patent claims of both Plaintiffs and Defendants.

Finally, Plaintiffs should not be heard to complain about the stay or its length because they have taken no action to advance the progress of the reexamination proceeding despite having the opportunity to do so.  In particular, Plaintiff Ragner Technology Corp. failed to respond to the Patent Office's Order granting the Request for *Ex Parte* Reexamination and disregarded the Patent Office's invitation to submit a waiver of the right to file a Patent Owner Statement, all of which added months of delay to the reexamination proceeding.

Therefore, it makes no sense and would be contrary to law for the Court to consider bifurcating and continuing to pursue the non-patent claims in light of the current stay for reexamination of the Plaintiffs' principal patent-in-suit.  Significantly, Plaintiffs are asking the Court to rejigger an already complicated group of consolidated actions by separating out a *subset* of claims against only *one* group of Defendants to appease the Plaintiffs' litigiousness.

We appreciate the Court's attention to the matters raised herein.

ROPES & GRAY LLP

- 9 -                                                                                        August 4, 2022

Respectfully submitted,

s/ *Matthew J. Rizzolo*
Matthew J. Rizzolo (pro hac vice)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090
Email: matthew.rizzolo@ropesgray.com

s/ *Cassandra B. Roth*
Kevin J. Post (pro hac vice)
Hyun-Joong Kim (pro hac vice)
Cassandra B. Roth
Yenis V. Argueta Guevara
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY  10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090
Email: kevin.post@ropesgray.com
Email: daniel.kim@ropesgray.com
Email: cassandra.roth@ropesgray.com
Email: yenis.arguetaguevara@ropesgray.com

*Counsel for Ragner Technology Corp. and Tristar Products, Inc.*

s/ *Jeffrey L. Snow*
Jeffrey L. Snow
**Pryor Cashman LLP**
7 Times Square
New York, NY  10036
jsnow@pryorcashman.com

s/ *David S. Stone*
**Stone & Magnanini LLP**
100 Connell Drive
Berkeley Heights NJ 07922
Tel: 973-218-111
Dstone@stonemagnalaw.com

*Counsel for Telebrands Corp. and Bulbhead.com LLC*

s/ *Kathleen N. Fennelly*
Kathleen N. Fennelly
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
kfennelly@mdmc-law.com

Edward F. McHale (pro hac vice)
Andrew D. Lockton (pro hac vice)
**McHale & Slavin, P.A.**
2855 PGA Blvd.
Palm Beach Gardens, FL 33410
Tel:  561-625-6575

*Counsel for National Express, Inc.; E. Mishan and Sons, Inc.; and DAP Products, Inc.*